**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
------------------------------- x
                                 :
THE BANK OF NEW YORK MELLON,     :
F/K/A THE BANK OF NEW YORK AS    :
TRUSTEE FOR THE                  :
CERTIFICATEHOLDERS OF THE CWABS  :
INC. ASSET BACKED CERTIFICATES   :
SERIES 2006-2012,                :
                                 :
          Plaintiff,             :   Civil No. 3:18-cv-1504(AWT)
                                 :
v.                               :
                                 :
JOHNNY RAY MOORE,                :
                                 :
          Defendant.             :
------------------------------- x
```

**ORDER REMANDING CASE**

For the reasons set forth below, Plaintiff's Motion for Remand of Improperly Removed Case (ECF No. 10) is hereby GRANTED. This action is remanded to Connecticut Superior Court, Judicial District of Fairfield at Bridgeport.

This case was previously removed from Connecticut Superior Court by the defendant, see Civil No. 3:18-cv-950-AWT, and the court remanded this action to Connecticut Superior Court by an order dated July 10, 2018. On August 7, 2018, the plaintiff filed a motion for judgment of strict foreclosure in the state foreclosure action, and defendant Moore removed the case again on September 7, 2018. In the order remanding the case in Civil No. 3:18-cv-950-AWT, the court had explained why this case was

-1-

not removable on either the basis of diversity of citizenship or the presence of a federal question. The court explained, "the defendant is a citizen of the state of Connecticut and, under 28 U.S.C. 1441(b), a case may not be removed to federal court if a properly joined defendant in the case is a citizen of the state where the case is filed." Order Remanding Case, Civil No. 3:18-cv-950-AWT, ECF No. 10, at 2. With respect to the fact that there were no federal questions present, the court explained that the defendant referred to "an unrelated bankruptcy matter," and that "[g]enerally the presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. (quoting NYU Hosps. Center-Tisch v. Local 348 Health & Welfare Fund, 04 Civ. 6937 (AKH), 2005 U.S. Dist. LEXIS 256, at *2-3 (S.D.N.Y. Jan. 6, 2005) (internal quotations omitted)).

In his explanation of why he believes the case has now been properly removed, the defendant quotes Sylvan Road North Associates v. Lark International, Ltd., Civil No. 3:95-cv-400-DJS (June 22, 1993), for the proposition that a "defendant who fails in attempt to remove on initial pleadings can file second removal petition when subsequent pleadings or events reveal new and different grounds for removal." Def.'s Second Notice of

Removal In Rem, Civil No. 18-cv-1504, ECF No. 1, at 2. <u>Sylvan</u>
<u>Road North Associates</u> is not on point here because this is not a
situation where new and different grounds for removal have been
identified. Rather, the facts that made the state foreclosure
action non-removable in Civil No. 3:18-cv-950-AWT are still
present. The defendant does not address this point.

The court concludes that the plaintiff is entitled to an
award of attorney's fees. "[T]he standard for awarding fees
should turn on the reasonableness of removal. Absent unusual
circumstances, courts may award attorney's fees under § 1447(c)
only where the removing party lacked an objectively reasonable
basis for seeking removal." <u>Martin v. Franklin Capital Corp.</u>,
546 U.S. 132, 141 (2005). The court agrees with the plaintiff
that the defendant's attempt at removal is objectively
unreasonable. The defendant's reasons for removal are the same
reasons that the court explained were improper in connection
with his first attempt to remove this case, and the defendant
had no reasonable basis to believe that his second attempt at
removal would be successful. Rather, it appears that the
defendant merely seeks to delay the state court foreclosure
action.

The plaintiff shall file a motion for attorney's fees
within twenty-one days and the defendant shall file any

opposition to the plaintiff's motion for attorney's fees within twenty-one days after the motion is filed.

It is so ordered.

Dated this 19th day of April 2019, at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge